NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2414

_____

UNITED STATES OF AMERICA

v.

ROMAR WATTS,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-16-cr-00009-002)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 3, 2021

Before: AMBRO, HARDIMAN, and PHIPPS, Circuit Judges

(Opinion filed: June 9, 2021)

_____

OPINION*

_____

AMBRO, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Romar Watts seeks our review of the District Court's denial of his motion for compassionate release. For the reasons stated below, we affirm the District Court's decision.

## I.

In 2016, Watts was indicted for his role in a conspiracy to traffic large amounts of heroin and fentanyl. He later pled guilty to a conspiracy charge and admitted to being responsible for between 400 and 700 grams of heroin and between 8 and 16 grams of fentanyl. As part of the plea agreement, Watts acknowledged his responsibility for the deaths of two individuals who had fatally overdosed on drugs he supplied. He was sentenced to 108 months' imprisonment and 8 years of supervised release.

Watts later moved for compassionate release in response to the COVID-19 pandemic. He argued he was at higher risk of serious disease because he has asthma, high cholesterol, and pre-diabetes. The District Court denied Watts's motion. The Court first held that Watts had not sufficiently exhausted his administrative remedies as to his motion for compassionate release. The Court further held that Watts had not shown extraordinary and compelling circumstances warranting release—and even if he had, the Court concluded that the sentencing factors in 18 U.S.C. § 3553(a) weighed against release. Watts now appeals to us.[1]

---

[1] We have subject-matter jurisdiction under 18 U.S.C. § 3231 and appellate jurisdiction under 28 U.S.C. § 1291.

## II.

18 U.S.C. § 3582(c)(1) provides that a court "may reduce" a defendant's term of imprisonment if, among other things, "extraordinary and compelling reasons" justify the reduction in light of the § 3553(a) sentencing factors. Here, even assuming Watts has demonstrated extraordinary and compelling reasons for modification, the § 3553(a) sentencing factors weigh against a reduction in his sentence.[2] We therefore discern no error in the District Court's decision.

### A.  Extraordinary and Compelling Circumstances

Watts first argues that the District Court erred in concluding that he did not show extraordinary and compelling reasons for a sentence reduction. In light of his various physical ailments, we assume without deciding that he has shown extraordinary and compelling circumstances.

### B.  Section 3553(a) Sentencing Factors

The § 3553(a) factors, however, weigh against Watts's release and provide an independent ground for affirmance.[3] We review the District Court's determination

---

[2] We assume for the sake of argument that Watts exhausted his administrative remedies, as the § 3553(a) analysis is dispositive here.

[3] The sentencing factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed training, care, or treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the category of offense and defendant in the Sentencing Guidelines; (5) any pertinent policy statement by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

concerning the factors for abuse of discretion.  *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

The District Court held that the § 3553(a) factors weighed against release in part because Watts was responsible for large amounts of drugs and the deaths of two people.  It reasoned that "the nature, circumstances, and seriousness of this crime, and the need for just punishment for it[,] are such that [Watts's] release would not be justified."  App. vol. I at 12.  Watts also has a long and concerning criminal history that includes "drug trafficking, illegal possession of a firearm, corruption of minors, and making a terroristic threat (to a law enforcement officer)."  *Id.*  The Court reasoned that Watts's history, along with the drug infraction he committed during his incarceration, weighed against compassionate release.

We cannot conclude that the Court abused its discretion.  Watts's crime was indeed serious, as reflected by his initial sentence.  And this is not Watts's first drug-trafficking offense, a concern that is compounded by his later drug infraction in prison.  Further, Watts had only served roughly half his sentence at the time the District Court considered his motion.  *See id.* at 2 (noting that Watts had served 53 months out of 108 in June 2020).  Under these facts, which Watts does not meaningfully contest, the District Court did not abuse its discretion in concluding that the § 3553(a) factors weigh against his release.

\*   \*   \*   \*   \*

For these reasons, we affirm the judgment of the District Court.